# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

Jonathan Paul Catlin

and

Charity Renee Catlin,

    Plaintiffs

vs.

Global

and

Karen Williams,

    Defendants

CASE NO. 14 CV 6324

JUDGE: _____

COMPLAINT FOR VIOLATIONS OF
47 U.S.C. §227 and 15 U.S.C. §1692;

ACTUAL DAMAGES, STATUTORY
DAMAGES and PUNITIVE DAMAGES

DEMAND FOR TRIAL BY JURY

## INTRODUCTION & OPENING STATEMENT

This is an action brought by Plaintiffs against Global and Karen Williams for violations of the Telephone Consumer Protection Act, 47 USC § 227 (herein after "47 USC § 227"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (herein after "15 U.S.C. §1692"). Upon information and belief, Plaintiffs contens that many of these practices are widespread for some or all of the Defendants. Plaintiffs intend to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

## JURISDICTION and VENUE

1. This action arises under 47 U.S.C. §227 and 15 U.S.C. §1692. The jurisdiction of this court is founded on federal question jurisdiction. 28 U.S.C. §1331.

2. Venue is proper because the events giving rise to Plaintiffs' causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiffs, Jonathan Paul Catlin and his wife, Charity Renee Catlin, herein after "Plaintiffs" jointly or, separately, Jonathan and Charity, respectively, at all times relevant herein, were domiciled in the town of Naples, New York.

4.  Plaintiffs are consumers as defined by 15 USC §1692a(3).

5.  Plaintiffs are informed and believe that Defendant Global, herein after "Global," is a Debt Collection Corporation located near Los Angelos, California. As Global has refused to provide a full legal name or any business or mailing address to Plaintiffs, they intend to discover this information through subpeona of the alleged original creditor (Credit One Bank) and subpeona of the telephone companies based on the phone numbers used by Defendants Global and Karen Williams. Plaintiffs intend to amend the complaint with the full legal name and address of Global after this discovery.

6.  Upon information and belief, Global is a "debt collector" as defined by 15 USC §1692a(6).

7.  Plaintiffs are informed and believe that Karen Williams, herein after "Williams" was working for or with Global at the time of the described violations.

## PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

8.  Plaintiffs have **not** begun any other lawsuits in state or federal court dealing with the same facts involved in this action.

## FACTS

9.  Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 8 above and incorporate the same as if set forth in full.

10. On June 13, 2013 at or about 11:16 AM, EDT, Charity received a call from (585) 286-4023 on her personal cell phone from a woman identifying herself as Karen Williams. Upon information and belief, this call was placed using an automatic telephone dialing system.

11. Williams stated that she was a process server and had been hired by a prelitigation firm named Global to serve prelitigation papers to Jonathan.

12. Williams blatantly and rudely refused to answer Charity's questions, including refusing to give any further information about who she was or for whom she was working. She refused to provide the full legal name of Global or a mailing address for herself or Global. She said Charity could call Global at (866) 874-6884 with a claim number that Williams provided for explanation.

13. Williams stated that she had tried calling Jonathan, but then called Charity to avoid disrupting him at work.

14. Jonathan did not receive a call or voicemail from (585) 286-4023 or any person identified as Karen Williams.

15. Williams stated that she would be arriving at Plaintiffs' home to serve papers from Global for Jonathan in approximately one hour.

16. Charity called (866) 874-6884 hoping for an explanation. The individual answering the phone stated that the company's name was Global, but would not provide any other information, including refusing to provide a corporate mailing address.

17. Plaintiffs both watched for Williams and she did not show up that day or any subsequent day to date.

18. Approximately one hour after the time when Williams said she would arrive, Jonathan called (866) 874-6884. He spoke with a man who identified himself as Jason at ext. 326. He identified the company as Global but repeatedly refused to provide a mailing address or any other corporate identifying information. He did state that he was located in the Los Angelos area of California.

19. "Jason" alleged that Global had acquired an account Jonathan had previously had with Credit One Bank and that Global was suing Jonathan for breech of contract and fraud.

20. "Jason" repeatedly insisted that if Jonathan settled the matter with Global before he received any papers, a $200 "locating fee" would be removed and he would not have to deal with a suit.

21. Jonathan asked if anyone was actually coming with documents, seeing as Williams had said she would be at his home over an hour ago. "Jason" did not directly answer, but stressed, "once you get those documents you do have to go forward and appear. We're not going to be able to help you with this."

22. Plaintiffs did not receive any paperwork from Global through a process server or by any other means.

23. In trying to research who Global is and what this was all about, Plaintiffs performed multiple Google searches using variations of Global, Global prelitigation, and Global Collections. While they were not able to definitively discover the identity of the company Global, they uncovered multiple complaints of other consumers harassed in a similar manner by alleged locating services and alleged process servers claiming to be bringing papers for Global who did not show up, and attempts by phone agents of Global to collect money as a means to deter the service of the alleged paperwork.

## COUNT I

**(47 U.S.C. §227; Placing calls to a personal cell phone using an automated dialer)**

24. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 23 above and incorporate the same as if set forth in full.

25. On June 13, 2013 at or about 11:16 AM, EDT, Williams called Charity's personal cell phone, allegedly on the behalf of Global.

26. Plaintiffs believe Williams used an automatic telephone dialing system to place this call.

27. Plaintiffs have no contract or business relationship with Williams or Global, and have never given either Defendant express permission to call Charity's cell phone.

28. As a direct result of Williams' actions described in Count I, Plaintiffs have suffered harassment, disruption of work flow, loss of productivity, disruption of family life, loss of quality time with family, and emotional distress including, but not limited to, stress, agitation, anxiety, and frustration, all to their injury.

29. The federal basis for this claim is 47 U.S.C. §227(b)(1)(A) and 47 U.S.C. §227(b)(3).

## COUNT II

**(15 U. S. C. §1692; False representation and deceptive means in debt collection activities)**

30. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 29 above and incorporate the same as if set forth in full.

31. On information and belief, Williams was acting as an agent or employee of Global and participating in Debt Collection activities in her contact with Charity on June 13, 2014.

32. During the call described above, Williams engaged in false representations and deceptive means when she stated that she was a process server and would be arriving at Plaintiffs' home to serve papers in an hour, when in fact she did not come to Plaintiffs' home at all and plaintiff never received any papers related to Global.

33. Williams also engaged in false representation and deceptive means by stating that she had tried calling Jonathan, when in fact Jonathan did not receive a call or voicemail from her.

34. As a direct result of Williams' actions described in Count II, Plaintiffs have suffered harassment, disruption of work flow, loss of productivity, disruption of family life, loss of quality time with family, and emotional distress including, but not limited to, stress, agitation, anxiety, and frustration, all to their injury.

35. The federal basis for this claim is 15 U.S.C. § 1692e and 15 U.S.C §1692k(a)(1).

## COUNT III

**(15 U.S.C.§1692; Failure to provide mandatory disclosure)**

36. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 35 above and incorporate the same as if set forth in full.

37. Global, through it's agent "Jason" in the phone conversation on June 13, 2013, described in paragraphs 18-21 above, failed to provide the mandatory disclosures required by 15 USC §1692e(11)

38. As a direct result of Global's actions described in Count III, Plaintiffs have suffered harassment, disruption of work flow, loss of productivity, disruption of family life, loss of quality time with family, loss of sleep, and emotional distress including, but not limited to, confusion, stress, agitation, anxiety, and frustration, all to their injury.

39. The federal basis for this claim is 15 U.S.C. §1692g(b) and 15 U.S.C §1692k(a)(1).

## COUNT IV

**(15 U. S. C. §1692; False representation and deceptive means in debt collection activities)**

40. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 39 above and incorporate the same as if set forth in full.

41. In the phone conversation between Jonathan and "Jason" on June 13, 2013, described in paragraphs 18-21 above, Global used deceptive means to attempt to coerce Jonathan to pay an alleged debt by stating that Global was suing Jonathan. The fact that Jonathan never received legal papers, or any kind of document, from Global indicates that this was a false threat.

42. As a direct result of Global's actions described in Count IV, Plaintiffs have suffered harassment, disruption of work flow, loss of productivity, disruption of family life, loss of quality time with family, loss of sleep, and emotional distress including, but not limited to, confusion, stress, agitation, anxiety, and frustration, all to their injury.

43. The federal basis for this claim is 15 U. S. C. §1692e(5), 15 U. S. C. §1692e(10), and 15 U.S.C §1692k(a)(1).

## COUNT V

**(15 U. S. C. §1692; Failure to allow validation of debt)**

44. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 43 above and incorporates the same as if set forth in full.

45. In the phone conversation between Jonathan and "Jason" on June 13, 2013, described in paragraphs 18-21 above, Global failed to provide notice of Jonathan's right to have the debt validated. Global did not provide any such notice by mail.

46. Global, through it's agent "Jason" as well as through other agents who answered the same phone number, refused to provide the meaningful information, including full legal name and mailing address, which Plaintiffs would need to submit a written request for validation of the alleged debt.

47. As a direct result of Global's actions described in Count V, Plaintiffs have suffered harassment, disruption of work flow, loss of productivity, disruption of family life, loss of

quality time with family, loss of sleep, and emotional distress including, but not limited to, confusion, stress, agitation, anxiety, and frustration, all to their injury.

48. The federal basis for this claim is 15 U. S. C. §1692g and 15 U.S.C §1692k(a)(1).

## SUMMARY OF RELIEF SOUGHT

**WHEREFORE,** Plaintiff prays for relief against the Defendants as follows:

a) For statutory damages in the amount of $3,500.00.
b) For actual damages in the amount of $10,000.00.
c) For punitive damages in the amount allowed by law.
d) Reasonable Attorneys fees & costs, along with costs of suit.
e) Reasonable costs of time to pursue suit; and,
f) Such other relief as this Court may find to be just and proper.

## DEMAND FOR TRIAL BY JURY

**I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

EXECUTED this 12th day of June, 2014.

_Jonathan Paul Catlin_
Original Signature
Jonathan Paul Catlin

_Charity Renee Catlin_
Original Signature
Charity Renee Catlin

c/o PO Box 621
Naples, New York
cell: 208-627-3950
e-mail: myfriendstenthousand@gmail.com

*In Proper Person*

Complaint for violations of 47 U.S.C. §227 and 15 U.S.C. §1692; Statutory, Actual, and Punitive Damages
6

# Exhibit A

# AFFIDAVIT OF CHARITY RENEE CATLIN

STATE OF NEW YORK        )
                         ) ss
COUNTY OF Ontario        )

Comes now, Charity Renee Catlin, your Affiant, being competent to testify and being over the age of 21 years of age, after first being duly sworn according to law to tell the truth to the facts related herein states that she has firsthand knowledge of the facts stated herein and believes these facts to be true to the best of her knowledge.

1. Affiant has never given express consent to any corporation by the name of Global, or any person by the name of Karen Williams to call Affiant or Affiant's personal cell phone.

2. On June 13, 2013 at or about 11:16 am EDT, Affiant received a call from phone number 585-286-4023 on her personal cell phone (see attached). Affiant believes this call to have been placed using an automatic telephone dialing system.

3. When questioned by Affiant, the caller identified herself as Karen Williams. She stated that she was a process server and had been hired by a prelitigation firm named Global to serve to Affiant's husband.

4. When questioned by Affiant, the caller refused to give Affiant any further information about who she was or who she was working for. She only gave a phone number (866-874-6884) for the alleged company Global, along with a claim number, stating that Affiant could call that number for explanation.

5. The caller stated that she had tried calling Affiant's husband, but didn't want to disrupt him at work.

6. Affiant's husband did not receive any call from a person identifying herself as Karen Williams.

7. The caller stated to Affiant that she would be arriving at Affiant's home to serve papers from Global for Affiant's husband in about an hour.

8. Affiant and her husband watched carefully for the caller and saw no sign of her that day.

9. Affiant called 866-874-6884, hoping for an explanation. The person answering the phone stated that the company's name was Global, and refused to provide any other information, including the corporate mailing address.

10. To date, Affiant has not had any further contact from the caller, and she has not served any papers whatsoever to Affiant or Affiant's husband.

Further, Affiant sayeth naught.

*Charity Renee Catlin*  6/12/14
Charity Renee Catlin      Date

State of New York
County of Ontario

Subscribed and sworn to (or affirmed) before me on this 12th day of June, 2014 By Charity Renee Catlin, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____ (Seal)
Notary Public

KRISTIN A. HAREMZA
Notary Public, State of New York
Ontario County
My Commission Expires 8-8-15
Reg. # 01HA6246489

# Exhibit B

## AFFIDAVIT OF JONATHAN PAUL CATLIN

STATE OF NEW YORK            )
                             ) ss
COUNTY OF __Ontario__        )

Comes now, Jonathan Paul Catlin, your Affiant, being competent to testify and being over the age of 21 years of age, after first being duly sworn according to law to tell the truth to the facts related herein states that he has firsthand knowledge of the facts stated herein and believes these facts to be true to the best of his knowledge.

1. On June 13, 2013 at or about 11:16 am EDT, Affiant was present when his wife received a call from phone number 585-286-4023 on her cell phone.

2. Affiant's wife reported that the caller had identified herself as Karen Williams, and stated that she was a process server and would be arriving at Affiant's home in about an hour to serve Affiant with documents from a prelitigation firm called Global.

3. Affiant's wife gave him a phone number for Global (866-874-6884) and a claim number relating to the case (1658433), which she had received from the caller.

4. Affiant and his wife watched for the caller to arrive in the next couple of hours.

5. When the caller did not arrive for more than an hour after her stated arrival time, Affiant called the number provided for Global.

6. Affiant was connected to a man who identified himself as Jason at extension 326, to whom he provided the case number provided by Karen Williams.

7. When questioned by Affiant, Jason identified the company as Global, but repeatedly refused to provide a mailing address or any other corporate identifying information. He did state that he was located in the Los Angelos, California area.

8. Affiant was told by Jason that Global had acquired an account which Affiant had previously had with Credit One bank and that Global was suing Jonathan for

breech of contract and fraud.

9. Affiant was not told by Jason that Global was a debt collection agency or given any opportunity to request validation of the alleged debt.

10. Affiant was told by Jason that if he settled the matter with Global that day, he would remove the $200.00 locating fee.

11. Affiant was told by Jason that if he received the documents, he would have to go forward with the suit and appear, and typically $2-3,000.00 would be added.

12. Affiant asked if anyone was actually bringing documents to his home, as Karen Williams had said she would be there over an hour ago. Jason did not answer directly, but stated that he could only help Affiant resolve the situation before documents arrived.

13. Affiant did not receive any paperwork from Global through a process server or any other means.

Further, Affiant sayeth naught.

*Jonathan Paul Catlin*
Jonathan Paul Catlin

6/12/14
Date

State of New York
County of Ontario

Subscribed and sworn to (or affirmed) before me on this 12th day of June, 2014 By Jonathan Paul Catlin, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

*Kristin A. Haremza* (Seal)
Notary Public

KRISTIN A. HAREMZA
Notary Public, State of New York
Ontario County
My Commission Expires 8-8-15
Reg. # 01HA6246489