UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JONATHAN PAUL CATLIN,
CHARITY RENEE CATLIN,

                             Plaintiffs,

                                                                            DECISION AND ORDER

                                                                            14-CV-6324L

                v.

GLOBAL,
KAREN WILLIAMS,

                             Defendants.
_____

Before the Court is the plaintiffs' request for the issuance of third-party subpoenas for information necessary to facilitate identification of, and service of process upon, the proper corporate defendant in this matter (Dkt. #2). For the reasons that follow, plaintiffs' request is granted, in part.

Plaintiffs bring this action *pro se*, pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). In brief, plaintiffs allege that on and after June 13, 2013, they were harassed in a series of automatically-dialed telephone calls by parties calling from two different telephone numbers. The first was from a caller who identified herself as "Karen Williams" and claimed to be a process server for a debt collection company known as "Global." According to the complaint, Williams falsely claimed that prior attempts had been made to reach the plaintiffs, warned that "prelitigation" papers relative to a lawsuit against plaintiff Jonathan Catlin for breach of contract and fraud would be served upon the plaintiffs at their home in an hour, and provided plaintiff Charity Catlin with a phone number for Global. When plaintiffs made subsequent calls to that number, representatives including one who identified himself as "Jason," demanded that plaintiffs forward immediate

payment to halt the imminent service of legal process and avoid substantial "locating fees," as well as stave off the impending lawsuit. Service of "prelitigation" papers and the threatened lawsuit against Jonathan Catlin never materialized, and despite repeated requests by plaintiffs to Global representatives for the full name of the company and its business address, all that the callers would tell plaintiffs is that "Global" was located somewhere in the "Los Angeles" area, and had been assigned a debt owed by plaintiff Jonathan Catlin to Credit One Bank.

As a result of the callers' refusal to provide any identifying information, plaintiffs' sole evidentiary link to the proper defendant in this case is the two phone numbers from which they were contacted by "Global" representatives. Having learned that the two phone numbers are registered to Level 3 Communications, LLC and CenturyLink Inc., respectively, plaintiffs have requested leave of court to issue subpoenas to those companies directing them to provide "subscriber information, including customer name, physical address, and billing address for [the relevant phone numbers] for June 2013." (Dkt. #2). Plaintiffs also request that a subpoena be issued to Credit One Bank, directing it to provide "complete records of the collection activities and any and all assignments or disposals regarding [the account number claimed by 'Global' representatives to have been assigned to it]." *Id*.

Subpoenas directed to non-parties are governed by Rule 45 of the Federal Rules of Civil Procedure. Rule 45(a)(3) provides that the Clerk of the Court shall issue a signed but blank subpoena to a party requesting it, who is responsible for completing the subpoena for service. Fed. R. Civ. P. 45(a)(3). Local practice also requires that a request for a subpoena be in writing, include the name and address of the person or entity to whom the subpoena is directed, and specify what is being sought.

Furthermore, Fed. R. Civ. Proc. 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. Proc. 26(d)(1). However, the Rule creates an exception for such discovery when it is "authorized . . . by court order." *Id*.

Courts in this circuit have weighed requests for expedited discovery of this nature by applying a variety of reasonableness-based tests which examine and compare the need for expedited discovery, the privacy expectations of the defendants, the breadth of the discovery sought in terms of inconvenience to the third party to be subpoenaed, the potential injury to the plaintiffs if such discovery is denied, the plaintiffs' interests in pursuing cognizable claims, and the interests of justice. *See North Atlantic Operating Company, Inc. v. Evergreen Distribs.*, 2013 U.S. Dist. LEXIS 143948 at *9-*11 (E.D.N.Y. 2013). I find that on balance, each of these factors weighs in favor of the relief plaintiffs seek here.

In the similar context of copyright infringement cases based on online activity, courts have identified several factors that are of particular relevance in that context, where plaintiffs generally know only the internet protocol ("IP") address associated with the alleged offender, and cannot identify the proper defendant absent a subpoena to the relevant internet service provider ("ISP"), requesting the name and address of the person or entity associated with that IP address. *See e.g., Collins v. John Does 1-11*, 2012 U.S. Dist. LEXIS 75986 at *3-*4 (E.D.N.Y. 2012). In such circumstances, the issuance of a subpoena to the ISP is typically granted where there is: (1) a concrete showing of a prima facie claim; (2) a specific discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) a minimal expectation of privacy by the defendant in the requested information. *Collins v. John Does 1-11*, 2012 U.S. Dist. LEXIS 75986 at *3-*4 (E.D.N.Y. 2012).

I find that the factors which weigh in favor of granting subpoenas to plaintiffs in online copyright infringement cases also speak with equal force here. The complaint, on its face, states cognizable claims for violation of the TCPA and FDCPA. The subpoenas, to the extent that the Court grants leave for their service below, will be narrowly tailored to gain only the information absolutely necessary to identify and serve the proper corporate defendant in this case, and will not be burdensome to the recipients. Plaintiffs credibly attest that they have diligently investigated the matter, but are unable to ascertain the identity of "Global" by any other means, given the limited

information in their possession.[1] The true identity and address of Global is necessary for plaintiffs to serve their complaint and proceed with this action – indeed, plaintiffs will be helpless to timely serve Global with the summons and complaint or to otherwise prosecute their case without that information – and the Court does not believe that Global has a strong interest in the privacy of its own name and address. I therefore grant plaintiffs' request to subpoena the two network providers, in the manner and to the extent set forth below.

Applying the same analysis to Credit One Bank, however, I find that the subpoena request should be denied. The information sought has not been shown to be necessary to establish the identity of the proper defendant at this early juncture, and is more properly characterized as merits-related discovery on the issue of whether the alleged debt at issue was ever properly referred to Global for collection. As such, discovery on that issue should be reserved for a later juncture, when the requirements of Fed. R. Civ. Proc. 26(d)(1) can be satisfied and subpoenas issued without the need for a court order.

Accordingly, plaintiffs' request for issuance of subpoenas (Dkt. #2) is granted with respect to Level 3 Communications, LLC and CenturyLink, Inc., and denied with regard to Credit One Bank, as follows:

1. The Clerk is directed to provide plaintiffs with blank, signed subpoena forms pursuant to Fed. R. Civ. Proc. 45(a)(3).

2. Plaintiffs may serve subpoenas pursuant to Fed. R. Civ. Proc. 45 on Level 3 Communications, LLC and CenturyLink, Inc., directing each to provide the customer

---

[1] The Court notes that a brief online search reveals multiple consumer complaints lodged with the Better Business Bureau and other online fora concerning allegedly harassing and/or baseless "scam" debt collection phone calls from companies identifying themselves as "Global" or permutations thereof. A common thread among these complaints is the refusal of "Global" representatives to disclose the company's true name or location, and the use of multiple, frequently-changing phone numbers in order to avoid being identified or contacted. While the Court recognizes that such accounts are pure hearsay and that there is no evidence as of yet that the complained-of entities bear any relationship to the named corporate defendant in this case, these accounts nonetheless underscore the practical impossibility of identifying the correct defendant in this matter, if the instant application is denied.

    name(s), contact person(s), business address, and mailing and/or billing address, for the customer(s) associated with [the telephone number(s) identified in the complaint] for the time period from June 1 - 30, 2013. No other disclosure may be requested. Plaintiffs are directed to attach a copy of this Order to each subpoena. Plaintiffs are advised to be mindful of the requirements for service of subpoenas under Fed. R. Civ. Proc. 45, which, when the object of the subpoena is a corporation, requires personal service of a copy of the subpoena upon a corporate officer or agent authorized under Fed. R. Civ. Proc. 4 to accept service of process. The costs of such service must be borne by plaintiffs.

3. Once service is complete, plaintiffs are directed to file proof of service in conformance with Fed. R. Civ. Proc. 45(b)(4), along with copies of the subpoenas that were served.

4. Within seven (7) days of service of each subpoena, Level 3 Communications, LLC and CenturyLink, Inc. shall reasonably attempt to identify the customer(s) associated with the telephone numbers provided (the "Customer"). After identification of the Customer(s), Level 3 Communications, LLC and CenturyLink, Inc. are directed to forward a copy of the subpoena and this Order to the mailing address for the Customer(s).

5. Level 3 Communications, LLC and CenturyLink, Inc. shall have twenty-one (21) days from the service of the subpoena to move to quash or otherwise object to the subpoena. The Customer(s) shall have fourteen (14) days from receipt of the subpoena to move to quash or otherwise object to the subpoena.

6. Absent any motion to quash or objections, Level 3 Communications, LLC and CenturyLink, Inc. shall produce the information sought to plaintiffs within twenty-one (21) days after notifying the Customer(s) pursuant to paragraph (4) above.

7. Plaintiffs may only make use of the information disclosed pursuant to the subpoenas for the purpose of identifying and effecting service upon the proper defendant(s) in this action, and otherwise for protecting and enforcing plaintiffs' rights as set forth in the complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 13, 2014.