UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JONATHAN PAUL CATLIN,
CHARITY RENEE CATLIN,

                      Plaintiffs,

                                                            DECISION AND ORDER

                                                            14-CV-6324L

            v.

GLOBAL,
KAREN WILLIAMS,


                      Defendants.
_____

      Plaintiffs bring this action *pro se*, pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., and allege that they were harassed by the defendants in a series of automatically-dialed telephone calls from two different telephone numbers. The plaintiffs have diligently attempted to gain identifying information from the defendants, but defendants have refused to provide such information, and plaintiffs have been forced to pursue the defendants' identity through the only available evidentiary link – the two phone numbers utilized by the defendants to contact them. Plaintiffs have previously sought and obtained leave of court to serve subpoenas on the relevant telephone service providers, in order to determine the identity of the proper defendant for service of process. Their efforts have been consistent and diligent, but are ongoing, and plaintiffs are still awaiting the required disclosures from the most recently subpoenaed third party. Plaintiffs now move for an extension of

time to serve the summons and complaint on defendants, pursuant to Fed. R. Civ. Proc. 4(m).  (Dkt. #5).

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to effect proper service on the defendant within 120 days of filing the complaint.  Fed. R. Civ. Proc. 4(m).  A court will, however, extend the time for service when the plaintiff is able to show good cause for the failure.[1] *Id.*; *Obot v. Citibank S.D., N.A.,* 2009 U.S App. LEXIS 21405 at *2 (2d Cir. 2009).  In determining whether plaintiffs have demonstrated good cause, courts consider such factors as whether plaintiffs exhibited reasonable diligence in seeking to effect service, whether there is any prejudice to defendants as a result of the delay, and whether plaintiffs could timely reassert their claims in the event of dismissal.  *See Fish v. Bread Loaf Const. Co.*, 1998 U.S. App. LEXIS 1208 at *5-*6 (2d Cir. 1998); *Williams v. United States HUD*, 2009 U.S. Dist. LEXIS 23306 at *3 (E.D.N.Y. 2009); *Ikejiaku v. Rochester City Sch. Dist.*, 2007 U.S. Dist. LEXIS 949433 at *5 (W.D.N.Y. 2007)*;* *Feingold v. Hankin*, 269 F.Supp.2d 268, 276 (S.D.N.Y. 2003).

Upon review of these factors, I believe that the plaintiffs have demonstrated sufficient "good cause" to merit an extension of the time for service, due to their consistent, diligent and timely efforts to determine the proper identity of the defendants for the purpose of effecting service.  I further note that a grant of additional time will not prejudice the defendants, who by refusing to provide plaintiffs with identifying information, are largely responsible for the delay in service.

Based on the foregoing, I find that plaintiffs are entitled to an extension of time to serve the complaint on defendants.  Service must be effected, and proof of it must be filed with the Court within ninety (90) days of entry of this decision.

---

1 In fact, a district court has discretion to enlarge the 120-day period for service, even in the absence of good cause.  *See Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007).  Assuming *arguendo* that plaintiffs had not shown good cause in this case, the Court would nonetheless extend the time for service in the interests of justice, and based on the lack of prejudice to defendants.

## CONCLUSION

Plaintiffs' motion to enlarge their time to serve the defendants pursuant to Fed. R. Civ. Proc. 4(m) (Dkt. #8) is granted. Plaintiffs' time to serve defendants with the summons and complaint is hereby extended, and plaintiffs are directed to effect proper service and file proof of the same (or if a further extension of time is required, plaintiffs are instructed to file a motion requesting such relief), within ninety (90) days of entry of this order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
UNITED STATES DISTRICT JUDGE

Dated: Rochester, New York
　　　　October 30, 2014 .